IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCHUYLER STEWART ZWAR,<br><br>Defendant. | CR 14-100-BLG-SPW<br><br><br>ORDER |

On June 28, 2019, the Court conducted a Competency Hearing in this case.

The representations of counsel and the report submitted by Forensic Psychologist

Miriam Kissin, Psy.D., and the staff at the Federal Medical Center Devens, in

Ayer, Massachusetts, establish and the Court finds by a preponderance of the

undisputed evidence that Defendant Schuyler Stewart Zwar is suffering from a

mental disease or defect rendering him incompetent to the extent he is unable to

understand the nature and consequences of the proceedings against him or assist in

his defense. The Defendant Schuyler Stewart Zwar is not now competent to stand

trial. 18 U.S.C. § 4241.

ORDERED:

1.     Defendant Schuyler Stewart Zwar is committed to the custody of the Attorney General.

2.     The Attorney General shall hospitalize Defendant Schuyler Stewart Zwar for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant Schuyler Stewart Zwar will attain the capacity to permit the trial to proceed.

3.     The Defendant Schuyler Stewart Zwar shall be given thirty (30) days from the date of commencement of hospitalization and treatment to voluntarily take his medication.  If Defendant does not agree to voluntarily take his medication as prescribed, the facility shall involuntarily administer all prescribed medications to Defendant Schuyler Stewart Zwar.

4.     The Attorney General shall provide the Court with a report on Defendant Schuyler Stewart Zwar's mental condition and competency to stand trial no later than 90 days from the date of commencement of the hospitalization and treatment as ordered.

5.     In the event the facility finds there is no substantial probability that in the foreseeable future the defendant will be able to assist in his defense and permit this case to move forward, the director of the facility shall file a certificate,

pursuant to 18 U.S.C. § 4246(a), stating whether the defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another and whether suitable arrangements for state custody and care of the person are available.

6.      For purposes of the Speedy Trial Act, the delay resulting from these psychiatric or psychological evaluations is excludable under 18 U.S.C. § 3161(h)(1)(A).

DATED this 28th day of June, 2019.

SUSAN P. WATTERS
United States District Judge